UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61765-CIV-COOKE/BANDSTRA

WHITE PARK BAY SOFTWARE LIMITED,

    *Plaintiff*,

v.

XID, INC.,

    *Defendant.*

_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

    This matter is before me on Defendant XID, Inc.'s ("XID") Motion to Dismiss. [D.E. 6]. For the reasons stated below, the Motion to Dismiss is granted.

*I. BACKGROUND*

    On May 29, 2009, Plaintiff, White Park Bay Software Limited ("WPBSL"), entered into a publishing and distribution agreement (the "Agreement") with XID, subsequently amended on June 18, 2009. (Compl. 1). Pursuant to the Agreement, WPBSL agreed to develop and deliver two video games products (the "Games") to XID. In exchange, XID promised to pay WPBSL in three stages as follows: a) a $25,000 fee for each of the Game within twelve days of the execution of the Agreement (the first milestone); a $25,000 fee for each of the Game within twenty days of the final approval of the Games by XID (the second milestone); and a $25,000 fee per Game within twenty five days from the commercial release date of each Game (the third milestone). *Id.* at 2-3. The Agreement was executed and XID paid the fees for the first milestone. (Compl. 4).

WPBSL alleges that, on August 25, 2009, it delivered one Game to XID for review, and another on September 3, 2009.  *Id.* at 3.  XID, however, allegedly did not communicate with WPBSL and failed to pay any subsequent fee.

On September 18, 2009, WPBSL's counsel sent a letter to XID, demanding payment for the second milestone, and reminding XID that, pursuant to the Agreement, the Games would remain WPBSL's property until the fee be paid. (Comp. Ex. C).  After sending that letter, WPBSL discovered that the Games were being manufactured and sold on Amazon.com through Zoo Games, Inc, in breach of the Agreement, which provides that XID would have no right to manufacture or distribute the Games until the Games would be paid in full.

On September 28, 2009, WPBSL's counsel sent a second letter, renewing its demand for the second milestone and demanding payment for the third milestone. (Compl. Ex. D).  XID, however, has allegedly not made any further payment to this date. (Compl. 4).

On November 4, 2009, WPBSL filed a Complaint seeking a judgment against XID on the counts of breach of contract (Count I) or unjust enrichment (Count II). (Compl. 4-5); [D.E. 1].  On November 23, 2009, XID filed a Motion to Dismiss count II. [D.E. 6].  On December 3, 2009, XID filed a Response to WPBSL's Motion. [D.E. 7].  XID did not reply.

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:...(6) failure to state a claim upon relief can be granted."  The courts must "accept all factual allegations in the complaint as true" and consider the "complaint in its entirety, as well as other sources courts ordinarily examine when

2

ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct 2499, 2509 (2007).  This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)) (citations omitted).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (*en banc*) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. 1955, 1965 (2007) (citing 5 C. Wright & A. Miller*, Federal Practice and Procedure* § 1216 (3d ed. 2004)).  "A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense bars recovery on the claim." *Marsh*, 268 F.3d at 1022.

### *III. DISCUSSION*

XID argues that Count II (Unjust Enrichment) should be dismissed because "an unjust enrichment claim fails where a valid final contract exist." (Mot. to Dismiss 2).  Plaintiff may plead alternative theories.  Pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3):

3

>   (2) A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
>   Or
>
>   (3) A party may state as many separate claims or defenses as it has, regardless of consistency.

"Under Florida law, a party may simultaneously allege the existence of an oral contract and seek equitable relief under the theory of unjust enrichment." *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1565-66 (S.D. Fla. 1997). "[I]t has become quite customary, in an abundance of caution, to join the common counts with the special count which declares on the express contract, so that, if for any reason the plaintiff fails in his proof of the express contract, he may have an opportunity to at least recover the value of the work actually done or the materials actually furnished, or so much thereof as have not been paid for, upon an implied contract." *Id.* (citing *Hazen v. Cobb*, 96 Fla. 151, 163 (Fla. 1928)). However, when the defendant does not deny the existence and validity of an agreement upon which the breach of contract rests, the unjust enrichment claim shall be dismissed. *See Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp.2d 1317, 1326 (S.D. Fla. 2000)(dismissing an alternative claim for unjust enrichment because defendant had admitted the existence of an express contract); *In re Managed Care Litigation*, 185 F. Supp.2d 1310, 1337-38 (S.D. Fla. 2002)("an unjust enrichment claim can only be pled in the alternative if one or more of the parties contest the existence of an express contract

governing the subject of the dispute")[1]. In the present case, XID expressly admitted that the parties entered into the Agreement that WPBSL attached as exhibit A of the Complaint. (Answer 1). XID has also agreed to the specific language of the Agreement as stated by WPBSL in its Complaint. *Id.* at 1-3. Since XID does not contest the existence and validity of the Agreement, Count II should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, XID's motion to dismiss [D.E. 6] is **GRANTED** and Count II (Unjust Enrichment) should be dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of May 2010.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*All Counsel of Record*

---

[1] In the *Webster* and *In Re Managed Care Litigation* cases, the Honorable District Judge Gold and the Honorable District Judge Moreno respectively had to look beyond the four corners of the complaint in order to find that the defendants had admitted the existence of an express agreement.